FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

APR 04 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EXCEPTIONAL CHILD CENTER, INC.; INCLUSION, INC.; TOMORROW'S HOPE SATELLITE SERVICES, INC.; WDB, INC.; LIVING INDEPENDENTLY FOR EVERYONE, INC., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> RICHARD ARMSTRONG; LESLIE CLEMENT, <br><br> Defendants - Appellants. | No. 12-35382 <br><br> D.C. No. 1:09-cv-00634-BLW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted December 2, 2013
Seattle, Washington

Before: TALLMAN and BEA, Circuit Judges, and MURPHY, District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Defendants-Appellants Richard Armstrong, the Director of Idaho's Department of Health and Welfare ("IDHW"), and Leslie Clement, an IDHW Deputy Director and former IDHW Division of Medicaid Administrator (collectively, "the Directors"), appeal the district court's grant of summary judgment in favor of Plaintiffs-Appellees, a group of agencies providing supported living services to Medicaid-eligible individuals in Idaho (collectively "the Providers"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment and its rulings on matters of statutory interpretation de novo. *See Newton-Nations v. Betlach*, 660 F.3d 370, 378 (9th Cir. 2011). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

The Providers have an implied right of action under the Supremacy Clause to seek injunctive relief against the enforcement or implementation of state legislation. *See Indep. Living Ctr. of S. Cal. v. Shewry*, 543 F.3d 1050, 1065 (9th Cir. 2008) ("Under well-established law of the Supreme Court, this court, and the other circuits, a private party may bring suit under the Supremacy Clause to enjoin implementation of state legislation allegedly preempted by federal law.").

Although the dissenting justices in *Douglas v. Independent Living Center of Southern California, Inc.*, 132 S. Ct. 1204, 1212 (2012) (Roberts, J., dissenting), would have held otherwise, we remain bound by the prior holdings of the Supreme Court, and of our court, that have recognized a private right of action under the Supremacy Clause. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983); *Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1269 (9th Cir. 1994).

Section 30(A) of the Medicaid Act requires that state Medicaid plans contain procedures to ensure that reimbursement rates for healthcare providers "are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers" to meet the need for care and services in the geographic area. 42 U.S.C. § 1396a(a)(30)(A). We have interpreted Section 30(A) to require that reimbursement rates bear a reasonable relationship to provider costs.[1] *Orthopaedic Hosp. v. Belshe*, 103 F.3d 1491, 1499 (9th Cir. 1997). Where rates fail to "substantially reimburse providers their costs," there must be some justification other than "purely budgetary reasons." *Id.* at 1499, 1499 n.3.

---

[1] The Directors call on us to abandon the requirements of *Orthopaedic Hospital*. Nonetheless, "[w]e are bound by circuit precedent unless there has been a substantial change in relevant circumstances, or a subsequent en banc or Supreme Court decision that is clearly irreconcilable with our prior holding." *See United States v. Vasquez-Ramos*, 531 F.3d 987, 991 (9th Cir. 2008) (internal citations omitted). Neither circumstance is present here.

3

The Directors conducted yearly cost studies between 2006 and 2009, developed a new rate setting methodology, and recommended substantial increases in reimbursement rates for supported living services based on the cost study results. The Stipulated Facts provide that the Directors did not implement the proposed rate changes because the Idaho legislature did not appropriate the necessary funds. Because the reimbursement rates at issue fail to "substantially reimburse providers their costs," and because the Directors concede that the 2006 rates remained in place for "purely budgetary reasons," the district court did not err in granting summary judgment to the Providers.[2]

**AFFIRMED.**

---

[2] We express serious doubt over whether the Directors' inaction constitutes a "Thing" in state law that can be preempted under the Supremacy Clause. However, the Directors failed to make this argument to the district court and they did not raise the issue in their briefing to our court. Therefore, we deem the issue waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the district court. Furthermore, on appeal, arguments not raised by a party in its opening brief are deemed waived.").