**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

EXCEPTIONAL CHILD CENTER, INC.;
INCLUSION, INC.; TOMORROW'S
HOPE SATELLITE SERVICES, INC.;
WDB, INC.; LIVING INDEPENDENTLY
FOR EVERYONE, INC.,
<em>Plaintiffs-Appellees</em>,

v.

RICHARD ARMSTRONG; LESLIE
CLEMENT,
<em>Defendants-Appellants</em>.

</td>
<td>

No. 12-35382

D.C. No.
1:09-cv-00634-
BLW

ORDER

</td>
</tr>
</table>

On Remand From The United States Supreme Court

Filed May 14, 2015

Before: Richard C. Tallman and Carlos T. Bea, Circuit
Judges, and Stephen Joseph Murphy,[*] District Judge.

---

[*] The Honorable Stephen Joseph Murphy III, United States District
Judge for the Eastern District of Michigan, sitting by designation.

**ORDER**

The original decision entered by this court, reported at 567 F. App'x 496, was reversed by the Supreme Court of the United States.  The Court held that the Supremacy Clause does not provide an implied private right of action and that Medicaid providers do not otherwise have the ability to proceed in equity for enforcement of § 30(A) of the Medicaid Act.  *See Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378 (2015).  Accordingly, the Supreme Court has now specifically addressed the question our court had previously addressed, and the opinion upon which we relied, *Indep. Living Ctr. of S. Cal. v. Shewry*, 543 F.3d 1050 (9th Cir. 2008), is no longer valid and is overruled.  *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).  In accordance with the Supreme Court's opinion, we vacate the district court's injunction, and remand with direction to the district court to dismiss the Complaint for failure to establish a claim over which we have subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**REVERSED and REMANDED.**